UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DASHWANE CARLOCK,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Respondent. | No. 2:20-cv-2210 TLN KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss the petition for failure to exhaust state remedies. Petitioner's amended petition is before the court. In his pleading, petitioner avers that he "was mistakenly informed appellate counsel was proceeding to file in Cal. Supreme Court. Until recently [petitioner] learned no such petition was filed." (ECF No. 13 at 3.) Petitioner seeks a stay to allow him to file in the California Supreme Court. As explained below, petitioner is ordered to inform the court how he would like to proceed.

I. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

II. Unexhausted Petition

Petitioner concedes that he has not filed his claims in the California Supreme Court. The instant petition is unexhausted. Although petitioner claims to seek a stay, he failed to demonstrate he is entitled to such a stay.[2] Specifically, he failed to provide sufficient information for the court to determine whether such a stay can be granted; for example, he fails to provide the date of his conviction, and he does not indicate who told petitioner that appellate counsel was filing in the California Supreme Court, or when petitioner was told such information. Petitioner is advised of the following options.

III. Petitioner's Options

The United States Supreme Court held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). Unexhausted petitions may, under limited circumstances, be stayed pending state court exhaustion. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, a district court may stay, in limited circumstances, a mixed

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is not required to await resolution of his request for stay in this action before returning to state court to properly exhaust his state court remedies.

2

petition pending exhaustion of unexhausted claims if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id., 544 U.S. at 278. Each of these three conditions must be satisfied. Id.

The undersigned will entertain a motion for stay and abeyance if petitioner wishes to bring such a motion and believes he can make the showing required by Rhines. In the alternative, petitioner may withdraw this habeas petition and refile it once the California Supreme Court has ruled on petitioner's constitutional claims.[3]

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner notify the court, within thirty days from the date of this order, which option he chooses. If he chooses to file a motion for stay under Rhines, he must address all three of the conditions required. Petitioner is cautioned that if he fails to choose one of the options set forth above, the undersigned will recommend that this action be dismissed as unexhausted.

Dated: June 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carl2210.stay.fb

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). Although § 2244(d)(2) provides for such statutory tolling, "[u]nder Duncan v. Walker, 533 U.S. 167 (2001), the filing of a petition for federal habeas corpus relief does not toll AEDPA's statute of limitations. King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).